UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE FRANCISCO GUZMAN CABRERA,<br><br>Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA; U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NY; CHIEF JUDGE COLEEN McMAHON; U.S. DEPARTMENT OF JUSTICE; NY GOVERNOR ANDREW CUOMO,<br><br>Defendants. | 21-CV-4154 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Essex County Correctional Facility (ECCF) in New Jersey, brings this *pro se* action under the Court's federal question jurisdiction. Plaintiff's criminal proceedings are pending in this district, *United States of America v. Rodriguez Lopez*, ECF 1:18-CR-0868-02 (SHS) (S.D.N.Y.). By order dated September 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff styles this complaint as a class action on behalf of himself and other prisoners at ECCF in New Jersey.² By order dated September 17, 2021, the Court severed Plaintiff's claims against New Jersey Governor Phil Murphy, the County of Essex, New Jersey, ECCF Warden Cirello, CFG Medical Services, and the U.S. Marshals Service in New Jersey, which principally challenged the conditions of Plaintiff's confinement in New Jersey, and transferred those claims to the United States District Court for the District of New Jersey.

Plaintiff alleges the following in the complaint. Defendants exploited "the Covid-19 crisis" to deprive Plaintiff of constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. Former Chief Judge Colleen McMahon, sued herein as Coleen McMahon, "signed the unconstitutional <u>blanket</u> ends of justice standing order that the other defendants [used to] conspire[e] to deprive plaintiff of constitutional rights." (ECF 1 at 6.) Defendant United States District Court for the Southern District of New York "employs other defendants within this complaint." (*Id*.) The United States Department of Justice "conspired with other defendants to deprive plaintiff of constitutional rights." (*Id.*) Former Governor Andrew Cuomo "created the Covid-19 emergency orders that were used by defendants to deprive plaintiff of constitutional rights." (*Id.*)

---

² Other prisoners at ECCF have submitted complaints that are substantially the same. *See, e.g., Rodriguez v. United States*, ECF 1:21-CV-4300, 5 (S.D.N.Y. July 26, 2021) (severing claims challenging conditions at ECCF and transferring those to District of New Jersey; dismissing claims remaining in this district); *Palmer v. United States*, ECF 1:21-CV-4446, 8 (S.D.N.Y. July 2, 2021) (severing claims challenging conditions at ECCF and transferring those to District of New Jersey; dismissing claims remaining in this district); *Coombs v. United States*, ECF 1:21-CV-3761, 7 (S.D.N.Y. June 15, 2021) (severing claims challenging conditions at ECCF and transferring those to District of New Jersey; dismissing claims remaining in this district).

Plaintiff contends that the "'Standing orders' in response to Covid-19 to take away speedy trial guarantees of the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161(h)" are unconstitutional, among other reasons, because the exclusion of time is not justified with reference to the specific factual circumstances in the particular case. (*Id.* at 8.) He appears to bring this claim against Judge Colleen McMahon, who, in her capacity as Chief Judge, issued this Court's standing order, and against the United States District Court for the Southern District of New York.

Plaintiff contends that under New Jersey bill S2519, which was recently signed into law, certain prisoners incarcerated pursuant to state court judgments in New Jersey have been awarded additional credit for time served during the Covid-19 public health emergency. He argues that failure to offer such relief to federal prisoners creates a "sentence disparity as people who have virtually the same circumstances are receiving drastically different sentences." (*Id.* at 30.)

Plaintiff seeks declaratory and injunctive relief, including orders (1) ending Standing Order M10-468, entered by then-Chief Judge McMahon, (2) awarding him jail time credit of four days for each day served during the Covid-19 public health emergency, and (3) dismissing his criminal proceedings due to alleged violations of his right to a speedy trial. (*Id.* at 21.) Plaintiff also seeks damages.

## DISCUSSION

**A.    Class Action Status**

Plaintiff, who is proceeding *pro se*, styles this complaint as a class action. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). *See also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney

4

'may not appear on another person's behalf in the other's cause'") (citations omitted); *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a prisoner to bring a class action on behalf of fellow inmates). The Court therefore construes the complaint as asserting claims solely on behalf of the named Plaintiff, who is the only one who has signed the complaint.

B.      **Claims against United States, District Court, and Department of Justice**

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Plaintiff styles his claims against the United States, the United States District Court for the Southern District of New York, and the United States Department of Justice primarily as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

The purpose of an implied *Bivens* action "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because of this, a *Bivens* claim will lie only against an individual in a personal capacity, and not against a federal agency or against federal officials in their official capacities. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that the United States and its agencies are immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action). Plaintiff's claims against the United States, the United States District Court for the Southern District of New York, and the United States Department of Justice are therefore dismissed with prejudice based on sovereign immunity.

### C. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

On April 20, 2020, then-Chief Judge McMahon issued Standing Order M10-468, which provided in relevant part:

> The time period of any continuance entered as a result of this order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3l61(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further order of the Court or any individual judge, the period of exclusion shall be from April 27, 2020 to June 15, 2020. The Court may further extend the period of exclusion as circumstances may warrant.
>
> The Court is cognizant of the right of criminal defendants to a speedy and public trial under the Sixth Amendment, and the particular application of that right in cases involving defendants who are detained pending trial. Any motion by a criminal defendant seeking an exception to this order in order to exercise that right should be directed to the District Judge assigned to the matter in the first instance; provided, however, that no such exception may be ordered without the approval of the Chief Judge after consultation with the assigned judge.

*In re: Coronavirus/Covid 19 Pandemic*, 20-Misc-196 (CM) (S.D.N.Y. Apr. 20, 2020) (ECF 1).

On June 12, 2020, Judge McMahon amended Standing Order M10-468, among other things, to extend the period of exclusion attributable to the Standing Order to September 8, 2020. *Id.* (ECF 2). On September 9, 2020, Judge McMahon issued an order titled "Resumption of Normal Running of the Speedy Trial Act," which provides in relevant part:

6

> [I]t is appropriate, given the intended resumption of criminal trials, that the judges of the court individually resume responsibility for the application of the Speedy Trial Act in the cases on their respective dockets; The Second Amended Standing Order, entered June 12, 2020 under Docket Number 20 Misc 196 (CM), was allowed to expire at 11:59 PM on September 8, 2020, and is not presently being renewed.

*Id.* (ECF 4).

Issuing standing orders is within the scope of former Chief Judge McMahon's authority and jurisdiction, and she is therefore absolutely immune from suit for any claim arising from adoption of Standing Order M10-468. Plaintiff's claims against Judge McMahon are therefore dismissed with prejudice based on absolute judicial immunity.

**D.    Claims Against New York Former Governor Andrew Cuomo**

Plaintiff appears to challenge former Governor Cuomo's executive order suspending N.Y. Crim. Proc. Law § 30.30. "On March 20, 2020, Governor Cuomo issued Executive Order 202.8, suspending the speedy trial limitations of Section 30.30 of the Criminal Procedure Law. 9 NYCRR 8.202.8. The suspension was continued by subsequent executive orders, including Executive Order 202.48. 9 NYCRR 8.202.48. By Executive Order 202.60, issued September 4, 2020, Governor Cuomo modified the suspension of Section 30.30 of the Criminal Procedure law 'to require that speedy trial time limitations remain suspended in a jurisdiction until such time as petit criminal juries are reconvened in that jurisdiction.' 9 NYCRR 8.202.60." *Randolph v. Cuomo*, No. 20-CV-4719, 2020 WL 6393015, at *4 n.3 (E.D.N.Y. Nov. 2, 2020).

Plaintiff alleges that he is a federal detainee and does not indicate that he has pending state criminal proceedings or that this suspension affected him personally. Standing requires a plaintiff to show (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (internal quotation marks omitted); accord *Spokeo, Inc. v. Robins*,

136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal quotation marks omitted.) Because Plaintiff alleges that he is a federal pretrial detainee and does not plead facts showing that he has an injury traceable to the Executive Order governing state criminal proceedings, he has failed to demonstrate that he has standing to challenge it. The Court therefore dismisses Plaintiff's claims against former Governor Cuomo.

E.  **Request for Jail Time Credits and Dismissal of Criminal Proceedings**

Plaintiff seeks both the award of additional jail credits toward any sentence he may ultimately receive and to challenge the legality of his current criminal proceedings in light of his constitutional right to a speedy trial. A civil rights action, however, cannot be used to challenge the fact or length of a prisoner's detention. Instead, a claim that would necessarily impugn or challenge the fact or length of a prisoner's detention must be raised either in a motion in the criminal proceedings or in a petition for a writ of *habeas corpus*. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that a "prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997) (holding that awarding or restoring jail credits would impugn validity of length of detention and this relief is thus unavailable in a civil rights action). The Court therefore dismisses Plaintiff's claim, which seeks additional jail credits toward any eventual sentence, in this civil rights action.

Moreover, insofar as Plaintiff asks this Court to dismiss his pending federal criminal proceedings, the Court will not intervene. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme

Court held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances.

Courts have extended the holding of *Younger* to decline to enjoin federal prosecutions. *See, e.g.*, *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum."); *Kajtazi v. Johnson-Skinner*, No. 16-CV-9434 (AJN), 2017 WL 436038, *2 (S.D.N.Y. Jan. 30, 2017). This extension relies on one basis of *Younger*'s holding: federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44; *see also Douglas v. City of Jeannette*, 319 US 157, 163 (1943) ("[C]ourts of equity do not ordinarily restrain criminal prosecutions."). Because Plaintiff can raise his speedy trial claims in his pending criminal proceedings, in which defense counsel represents him, adequate remedies are available to him, and the Court declines to intervene to enjoin his prosecution in *Rodriguez Lopez*, ECF 1:18-CR-0868-02 (SHS) (S.D.N.Y.).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   September 21, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge