UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE FRANCISCO GUZMAN CABRERA, | : : | |
| Plaintiff, | : : | Case No. 2:21-cv-17483 (BRM) (MAH) |
| v. | : : | **OPINION** |
| UNITED STATES OF AMERICA, *et al.*, | : : | |
| Defendants. | : : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff, a *pro se* federal pretrial detainee, Jose Francisco Guzman Cabrera ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983.[1] (ECF No. 2.) The United States District Court for the Southern District of New York severed Plaintiff's various restrictive jail conditions claims against Defendants the United States Marshals Service, Governor Phil Murphy, Essex County, Director Alfaro Ortiz, Warden Guy Cirillo, and CFG Medical Services and transferred them to this Court. (ECF No. 6.)

At this time, the Court must review the remaining claims in the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

---

[1] The Complaint indicates that it is an amended complaint, however, it is the only complaint on the docket. As such, the Court will refer to it as the Complaint.

I. **BACKGROUND**

Plaintiff alleges he is a federal pretrial detainee, housed at the Essex County Correctional Facility, in Newark, New Jersey. Plaintiff's Complaint[2] lists various federal and state law claims.[3] Plaintiff claims Governor Murphy issued "Covid-19 emergency orders that were used by defendants to deprive plaintiff of constitutional rights." (ECF No. 2, at 7.) Plaintiff asserts Director Ortiz issued unspecified "emergency declarations." (*Id.* at 6.) Plaintiff also complains about various pandemic related restrictions at the jail such as limited visitation, religious services, discovery access, legal research time, and medical care, as well as slow mail, lockdowns, extreme quarantines, and a lack of access to attorneys. (*Id.* at 11.)

Plaintiff's Complaint lacks specificity. The Complaint states only that Governor Murphy issued unspecified "Covid-19 emergency orders," and Director Ortiz issued unspecified "emergency declarations." The Complaint fails to delineate which Defendants were involved in which alleged violations of his rights. Plaintiff does not explain the supposed conspiracy he alleges deprived him of his rights. Additionally, Plaintiff requests to proceed on a class action basis; however, he does not provide any specific information about how his rights were violated, as opposed to general allegations of restrictive conditions of confinement imposed on detainees at Essex County Correctional Facility. (*Id.* at 5-42.)

---

[2] This Complaint is one of numerous, nearly identical complaints and amended complaints, from pretrial detainees at the Essex County Correctional Facility, seeking to proceed as a class action. *See, e.g., McClain v. United States*, No. 21-4997, 2021 WL 2224270, at *1 (D.N.J. June 2, 2021); *Middlebrooks v. United States*, No. 21-9225, 2021 WL 2224308, at *1 (D.N.J. June 2, 2021). In styling the complaints as a class action, the plaintiffs in these cases have failed to include any information regarding their personal, individual circumstances.

[3] The Court only addresses the Defendants and claims that were transferred to this Court from the District Court for the Southern District of New York.

In terms of relief, Plaintiff seeks monetary, injunctive, and declaratory relief. In particular, he seeks to vacate unspecified pandemic related orders and declarations and requests four days of jail credit for every day in detention "during the period of March 15, 2020 to present." (*Id.* at 23-25.)

**II. LEGAL STANDARD**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

*Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). To state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (discussing that *Bivens* created a right against federal officials parallel to § 1983's right to assert a claim against state officials); *see also*

*Collins v. F.B.I.*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials and thus the analysis established under one type of claim is applicable under the other.").

### III. DISCUSSION

#### A. Immune Defendants

The Court begins with addressing immunity, because it appears Plaintiff has sued several Defendants who are immune for suit.

##### 1. The United States Marshals Service

"It is well-settled that the United States has sovereign immunity except where it consents to be sued." *Brobst v. United States*, 659 F. App'x 135, 136-37 (3d Cir. 2016) (*citing United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Stated differently, "the United States is not subject to suit for constitutional torts, including the civil rights claims Plaintiff seeks to raise, and is entitled to absolute sovereign immunity in this matter." *See, e.g., Edward Pittman, v. United States*, No. 21-10123, 2021 WL 2260518, at *2 (D.N.J. June 2, 2021) (footnote omitted). Sovereign immunity constitutes a jurisdictional bar to claims against the United States and its agencies, unless Congress has specifically waived such immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (finding that sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action) Indeed, "[a]n action against government officials in their official capacities constitutes an action against the United States [and is] barred by sovereign immunity, absent an explicit waiver." *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008); *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007).

Here, the United States Marshals Service is immune from suit in this matter because they have not explicitly waived sovereign immunity. *See, e.g., Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998) (finding that federal governmental entities are not "persons" subject to suit in a federal civil rights matter); *see also Gary v. Gardner*, 445 F. App'x 466-67 (3d Cir. 2011) ("the United States Marshals Service is entitled to sovereign immunity from suit" absent an explicit waiver of sovereign immunity); *Hill v. United States*, No. 21-03872, 2021 WL 3879101, at *3 (D.N.J. Aug. 30, 2021). The United States Marshals Service has not explicitly waived sovereign immunity; therefore, it is immune from suit and this Court lacks subject matter jurisdiction over the claims against this Defendant. *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999) ("Sovereign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States.") Consequently, Plaintiff's claims against the United States Marshals Service are **DISMISSED WITH PREJUDICE**.

   2. *Governor Murphy*

Any claim for monetary relief Plaintiff is attempting to raise against Governor Murphy in his official capacity is barred by the doctrine of sovereign immunity. The Eleventh Amendment "has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (internal quotation omitted). Accordingly, New Jersey state agencies "established in the Executive Branch of State Government" qualify for Eleventh Amendment sovereign immunity, "regardless of the relief sought," unless an exception to the immunity rule applies. *See Rhett v. Evans*, 576 F. App'x 85, 88 (3d Cir. 2014) (internal quotation omitted). Those exceptions apply when: (1) Congress abrogates the immunity, (2) a state waives immunity, or (3) when a plaintiff sues

individual state officers for prospective relief to end an ongoing violation of federal law. *See MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001).

Governor Murphy is a state official sued in his official capacity. (ECF No. 2, at 3.) Accordingly, he is entitled to sovereign immunity from Plaintiff's claim for monetary damages. Plaintiff's claims against Governor Murphy for monetary damages are **DISMISSED WITH PREJUDICE**. *Kaul v. Christie*, 372 F. Supp. 3d 206, 243 (D.N.J. 2019).

### B. Federal Tort Claims Act

Plaintiff indicates that he is also raising a Federal Tort Claims Act ("FTCA") claim. (ECF No. 2, at 20.) "The FTCA waives the federal government's sovereign immunity with respect to tort claims for money damages." *Baer v. United States*, 722 F.3d 168, 172 (3d Cir. 2013) (citing 28 U.S.C. § 1346(b)(1)). "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." *Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001); *see also CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008) ("The cause of action in an FTCA claim ... must come from state tort law.")) "[A]s part of the Prison Litigation Reform Act ... section 1346(b)(2) of the FTCA precludes inmate tort actions against the United States for 'mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act,' 28 U.S.C. § 1346(b)(2)." *West v. United States*, 729 F. App'x 145, 148–49 (3d Cir. 2018), *reh'g denied* (May 9, 2018) (per curiam).

A plaintiff suing under the FTCA must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *See White–Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the

terms defining the United States['] consent to be sued, they are jurisdictional." *Id.* An agency's final denial of the tort claim is a jurisdictional requirement. *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). These requirements cannot be waived. *See, e.g., White–Squire*, 592 F.3d at 457. In other words, if a plaintiff has not complied with the FTCA's pleading requirements, "a district court has no subject matter jurisdiction over the claim." *Hardie v. United States*, 501 F. Supp. 3d 152, 158 (E.D.N.Y. 2020), *aff'd*, No. 21-106, 2021 WL 4427852 (2d Cir. Sept. 27, 2021); *see also Washington v. Thomas*, No. 16-0992, 2017 WL 36272, at *3 n.3 (D.N.J. Jan. 4, 2017); *Hoffenberg v. United States*, No. 10-2788, 2012 WL 379934, at *4 (D.N.J. Feb. 6, 2012).

Here, the Complaint fails to make any reference to a notice of tort claim, a demand for sum certain, or that Plaintiff has otherwise exhausted his FTCA claim. Accordingly, Plaintiff's FTCA claim against the United States "for failure to sufficiently allege the jurisdictional basis" for his claim is **DISMISSED WITHOUT PREJUDICE**. *Hoffenberg*, 2012 WL 379934, at *4.

### C. Supervisory Liability

Plaintiff appears to claim that Defendants Governor Murphy, Essex County, Director Ortiz, Warden Cirillo, and CFG Medical Services are liable as supervisors. Plaintiff fails to plead sufficient facts to indicate these Defendants personal involvement in the alleged wrongs.

Defendants in a § 1983 case may not be held liable solely on the basis of a *respondeat superior* theory of liability premised on their vicarious responsibility for the actions of their subordinates. *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Rather, a "defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode*, 845 F.2d at 1207-08. Generally, a plaintiff seeking to name supervisors as defendants must show each supervisor's participation in the alleged wrongs by pleading either that the supervisor's

> establishment of policies, practices or customs . . . directly caused the constitutional violation[,] personal liability based on the supervisor participating in the violation of [the p]laintiff's right, [that the supervisor] direct[ed] others to violate [the p]laintiff's rights, or [that the supervisor had actual] knowledge of and acquiesc[ed] to a subordinate's conduct.

*Doe v. New Jersey Dep't of Corr.*, Civ. No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (holding that a § 1983 Plaintiff pleading supervisory liability must establish defendant's "participation [in the alleged wrong], or actual knowledge and acquiescence, to be liable").

In the case of a municipal defendant or outside contractor, such as Defendants Essex County and CFG Medical Services, a plaintiff must instead plead that the municipality or contractor adopted a policy, practice, or custom which was ultimately responsible for the alleged violation. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). A municipal or corporate policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation for a plaintiff to successfully plead a plausible claim for relief as to such a defendant. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35–36 (2010).

In the instant matter, Plaintiff fails to plead facts to show Defendants Governor Murphy, Essex County, Director Ortiz, Warden Cirillo and CFG Medical Services personally involved in actions that allegedly violated Plaintiff's rights. Plaintiff makes a single brief reference to unspecified policies and customs. (ECF No. 2, at 23.) Plaintiff fails to explain what policies he is referring to or how they violated any of his personal rights. Plaintiff also submits that Governor Murphy issued "Covid-19 emergency orders," and that Director Ortiz issued unspecified "emergency declarations." (*Id.* at 6–7.) Plaintiff again fails to explain which exact orders he is

9

challenging, how they caused specific violations of constitutional rights, or how Plaintiff himself, as opposed to a generalized class of persons, was harmed. Defendants Governor Murphy, Essex County, Director Ortiz, Warden Cirillo and CFG Medical Services are not liable simply for being superiors, as government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676. Plaintiff's bare conclusions fail to plead a cognizable claim for relief against these Defendants. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). Plaintiff's claims against Defendants Governor Murphy, Essex County, Director Ortiz, Warden Cirillo and CFG Medical Services are **DISMISSED WITHOUT PREJUDICE**.

### D. Group Pleadings

Plaintiff raises various claims under 42 U.S.C. §§ 1983, 1985, 1986, and the Administrative Procedures Act, 5 U.S.C. § 702. Throughout the Complaint, Plaintiff raises claims regarding prison conditions, such as a lack of access to dental care, limited access to medical services, limited access to counsel, isolation and lack of family visits. (ECF No. 2, at 15–17.) Plaintiff also alleges Defendants conspired to deny him of his constitutional rights. (*Id.* at 19.) Plaintiff fails to delineate which Defendants are responsible for which action. Plaintiff alleges that the Defendants in general are responsible for these wrongs.

This type of pleading against "defendants" collectively leaves defendants unable to discern which allegations apply to any of them individually. This group pleading is prohibited. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (finding that dismissal of § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual Defendants)). A plaintiff must allege facts that "establish

10

each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 WL 1163751 at * 3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11, 2013 WL 1163751. Without knowing exactly what wrongful conduct they are alleged to have engaged in, the individuals Defendants have not been given fair notice of the allegations against them. *See Twombly*, 550 U.S. at 555 (stating that Rule 8(a)(2) requires a complaint to "give the defendant fair notice of what the claim is and the grounds upon which it rests") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Complaint states only that Governor Murphy issued unspecified "Covid-19 emergency orders," and Director Ortiz issued unspecified "emergency declarations." Plaintiff fails to plead any specific acts that can be attributed to any specific Defendant. (*See generally* ECF No. 1.) Plaintiff does not plead how he was personally affected by any specific Defendants actions. Plaintiff makes conclusory statements that Defendants generally are responsible for the alleged wrongs. As to Governor Murphy and Director Ortiz, "Plaintiff does not identify the orders or state how they caused the specific rights violations he wishes to challenge, or specify how any decisions, policies, practices, . . . caused *him* harm." *Hill*, 2021 WL 3879101, at *4.

Similarly, Plaintiff's conspiracy claim does not allege facts showing, rather than merely asserting, a conspiracy. To state a conspiracy claim, a plaintiff must allege some factual basis to support an agreement between the conspirators to violate the plaintiff's rights and concerted action by the conspirators. *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is

insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy, conspiracy requires showing of actual agreement and concerted action). Plaintiff fails to plead facts of an actual agreement or concerted action. As such, he has failed to plead a conspiracy.

These claims fail to sufficiently allege what Plaintiff's claims are against each Defendant and fail to provide fair notice of the grounds on which he intends to rest his claims. Fed. R. Civ. P. 8. Stated differently, such claims "would not provide any meaningful opportunity for the [remaining] Defendants to decipher or answer the vague allegations levied against them." *Johnson v. Koehler*, No. 18-807, 2019 WL 1231679, at *3 (D.N.J. March 15, 2019); *see Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, 1986, and 5 U.S.C. § 702 are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### E.  Racketeer Influenced and Corrupt Organizations Act

Plaintiff also raises claims against all Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). (ECF No. 2, at 4.) Section 1962(c) "makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting 18 U.S.C. § 1962(c)). Section 1962(d) expands liability under the statute by making it "unlawful for any person to conspire to violate [18 U.S.C. § 1962(c)]." 18 U.S.C. § 1962(d). To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* (internal quotations omitted).

"In order to have standing to litigate a civil RICO claim, a plaintiff must show that she suffered an injury to her business or property and that the injury was proximately caused by the defendant's racketeering activities." *Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145 (3d Cir. 2014) (per curiam). The injury to business or property element requires "proof of a concrete financial loss and not mere injury to a valuable intangible property interest." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (quoting *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994)). "[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio*, 221 F.3d at 492.)

Here, Plaintiff fails to adequately plead the elements required for a RICO claim. Plaintiff's RICO allegations state only that Defendants "acted as a criminal enterprise that is run as a business with a pattern of illicit conduct exceeding two predicate acts that equates to fraud, corruption, violence and activity in furtherance of human trafficking and slavery." (ECF No. 2, at 19.) The Complaint does not specify how the Defendants formed a "criminal enterprise" or what predicate acts they took part in. Additionally, Plaintiff has failed to allege a "concrete financial loss." The Complaint only raises allegations of constitutional violations related to personal injury, which are not proper RICO losses. *Maio*, 221 F.3d at 492. Plaintiff's RICO claims offers only conclusory allegation, which fail to state a claim for relief. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's RICO claims are **DISMISSED WITHOUT PREJUDICE** because Plaintiff has failed to state claim in which relief can be granted.

### F. Religious Freedom Restoration Act and Religious Land Use and Institutionalized Persons Act

The Complaint also asserts claims under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, and the Religious Land Use and Institutionalized Persons

13

Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. The RFRA "prohibits the Federal Government from taking any actions that substantially burdens the exercise of religion unless that action constitutes the least restrictive means of serving a compelling governmental interest." *Burnell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 690-91 (2014). The RLUIPA, among other things, "allows prisoners 'to seek religious accommodations pursuant to the same standard as set forth in RFRA.'" *Holt v. Hobbs*, 574 U.S. 352, 358 (2015) (quoting *Gonzales v. O Centro Espirita Beneficente Unio Vegetal*, 546 U.S. 418, 436 (2006)). "Congress enacted RLUIPA and its sister statute, . . . RFRA . . . 'in order to provide very broad protection for religious liberty.'" *Holt*, 574 U.S. at 356 (quoting *Burwell*, 573 U.S. at 693). RFRA and RLUIPA are similar with claims under RLUIPA being limited to "only land use regulations . . . and the religious rights of institutionalized persons." *Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 261 (3d Cir. 2007) (internal citations omitted).

To state a claim under either statute, "Plaintiff must allege facts that indicate that the federal government substantially burdened a sincerely held religious belief." *See, e.g., Martinez v. United States*, No. 21-4336, 2021 WL 2224268, at *4 (D.N.J. June 2, 2021) (citing *Holt*, 574 U.S. at 360–61); *Gambino v. Cassano*, No. 17-0830, 2021 WL 1186794, at *5 (D.N.J. Mar. 30, 2021). Under the RLUIPA,

> a substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

*Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007).

Here, Plaintiff does not allege facts to support an RLUIPA claim. The Complaint only submits that the COVID-19 related jail restrictions are interfering with religious practices. (ECF

14

No. 2, at 12, 16.) However, Plaintiff alleges no facts regarding his own religious beliefs. As such, Plaintiff's RLUIPA and RFRA claims are **DISMISSED WITHOUT PREJUDICE**.

Finally, as no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, including any claims under the New Jersey Civil Rights Act. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's claims against the United States Marshals Service and the claims against Governor Murphy in his official capacity for monetary relief are **DISMISSED WITH PREJUDICE**. The remainder of Plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE**. The Court declines to exercise supplemental jurisdiction over his state law claims. An appropriate Order follows.

Dated: November 17, 2021

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**